IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41251
Summary Calendar
_____

KARL GAYWIN ACLESE,

Plaintiff-Appellant,

versus

JON CARONA; ALTON BAISE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-383
- - - - - - - - - -
December 14, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Karl Gaywin Aclese, who is now a federal prisoner (# 04193-078), appeals the district court's order granting the defendants' motion for summary judgment on the basis of qualified immunity. Aclese contends that the district court erred.

Aclese has alleged that the defendant law-enforcement employees violated his Fourth Amendment and due process rights when they stopped his car and arrested him pursuant to a federal warrant, impounded the car despite his request that it be towed to a private lot, performed an illegal inventory search of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

car, and convinced a state judge to issue a search warrant for his home based on these alleged actions.

No genuine issue of material remained with respect to the district court's granting of summary judgment on the basis of qualified immunity. Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir. 1999), cert. denied, ___ S. Ct. ___ (U.S. Oct. 2, 2000, No. 99-1862), 2000 WL 693829; Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Aclese failed to show that his arrest pursuant to a facially valid arrest warrant violated his clearly established rights. See Vance v. Nunnery, 137 F.3d 270, 276 n.3 (5th Cir. 1998). Even if Aclese's disputed allegations regarding the seizure of his car and the inventory search are true, the officers involved did not violate his clearly established rights because, under local regulations, they were authorized to conduct an inventory search of his car regardless whether they impounded the car. See Colorado v. Bertine, 479 U.S. 367, 371 (1987); South Dakota v. Opperman, 428 U.S. 364, 370 (1976). See also United States v. Privett, 68 F.3d 101, 103-04 (5th Cir. 1995). Aclese's conclusional and speculative allegations about the validity of the search warrant preclude relief on his claim relating to the search of his residence. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978). His assertions that a state judge and state officers violated Federal Rules of Criminal Procedure in the issuance and execution of that warrant are frivolous. See United States v. Rivas, 99 F.3d 170, 176 (5th Cir. 1996).

Aclese's motion for appointment of counsel is DENIED.

AFFIRMED.